873 F.2d 1440
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Fredrick RICE, Plaintiff-Appellant,
v.
NORTH CAROLINA DEPARTMENT OF CORRECTIONS; H.J. Griffin;
J.G. Harris, Defendants-Appellees.
 No. 88-6788.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 27, 1988.
Decided: April 4, 1989.
 
 Charles Fredrick Rice, appellant pro se.
 Before ERVIN, Chief Judge, WILKINSON, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Charles Rice, a North Carolina inmate, appeals the order of the district court dismissing his 42 U.S.C. Sec. 1983 complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Because Rice's claim can be constructed to present an entitlement to relief, we conclude that this cause must be remanded for further proceedings. See Boyce v. Alizaduh, 595 F.2d 948, 952 (4th Cir.1979).
 
 
 2
 Rice's complaint[1] alleges that he is being subjected to cruel and unusual punishment by exposure to asbestos from deteriorating asbestos insulation on exposed pipes throughout the McCain Correctional Unit. Rice claims that he is exposed to the falling asbestos in his living area, in the hallways, and in the kitchen. It cannot be determined from the face of Rice's claim to what extent the asbestos is in the air or how long Rice is exposed to the asbestos each day.
 
 
 3
 Rice's complaint concerns the conditions of his confinement and a threat to his health and is measured against the requirements of the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 344-45 (1981). To establish a constitutional violation in this context, Rice must allege and prove that the "punishment" inflicted involves the unnecessary and wanton infliction of pain. Id. at 346. See also LaFaut v. Smith, 834 F.2d 389, 391 (4th Cir.1987); Shrader v. White, 761 F.2d 975, 980 (4th Cir.1985). Unnecessary and wanton inflictions of pain include those that are "totally without penological justification." LaFaut, 834 F.2d at 391, citing Gregg v. Georgia, 428 U.S. 153, 183 (1976). We have held that this test may be met when a prisoner establishes "that the defendant's conduct was motivated by 'deliberate indifference,' " id., citing Estelle v. Gamble, 429 U.S. 97 (1976), or where prison conditions present a threat to an inmate's health. Sweet v. South Carolina, 529 F.2d 854, 866 (4th Cir.1975) (en banc).
 
 
 4
 We read Rice's complaint as arguably stating that he has been exposed to significant levels of asbestos 24 hours per day. Cf. Hoptowit v. Spellman, 753 F.2d 779 (9th Cir.1985) (exposure to raw sewage); Avery v. Powell, 695 F.Supp. 632 (D.N.H.1988) (exposure to environmental tobacco smoke); Nilsson v. Coughlin, 670 F.Supp. 1186 (S.D.N.Y.1987) (exposure to raw sewage).
 
 
 5
 We stress that our decision today does no more than recognize that prolonged exposure to high levels of asbestos might pose a potentially serious problem and Rice's bare claims to that effect are not frivolous. Thus, on the record before us, we conclude only that Rice has presented pleadings "sufficient to call for the opportunity to offer supporting evidence." Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 6
 We take a different view of Rice's other claim concerning poorly maintained kitchen equipment. We think this claim does not allege a condition of confinement that is unduly harsh in a prison setting, Rhodes v. Chapman, supra, and therefore, the district court properly dismissed this claim as frivolous.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and oral argument would not aid the decisional process. We remand this cause for proceedings consistent with this opinion.
 
 
 8
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 [1]
 Rice is proceeding pro se below and in this Court